Johnson, J.
A lessor of a building is not liable to the lessee or others lawfully on the premises, for its condition, in the absence of actual or constructive concealment, or of any agreement, or of the violation of a duty imposed by statute. Shinkle v. Birney, 68 Ohio St., 328; Burdick v. Cheadle, 26 Ohio St., 393; Shindelbeck v. Moon, 32 Ohio St., 267.
If there is any liability on the part of the landlord, Close, in this case, it must arise out of the obligations imposed on him under the leasing contract, or on account of some duty created by statute.
The lease in this case was in the usual form with covenant of lessee, to deliver up at end of term in “as good order and condition as same now are or may be put in, etc.,” “and not to assign this lease or make or suffer to be made any alterations *352 in said premises without the consent of said party of the first part, his agents, heirs or assigns first obtained in writing for that purpose.”
A supplemental agreement was then made by the parties whereby Close agreed to replace broken joists and paint the front, and then provides that he “permits said second party to sublet any or all parts of said building,” and further provides: “Permission is also granted said second party to make changes in the interior and front of said building under the direction and supervision of architect H. W. Wachter to suit their business and at expense of said second parties.”
So that we have first, the provision in the original lease, that no alterations shall be made without the written consent of lessor, and then after-wards, lessor gives the written consent. It is a grant oj permission to make, changes at their expense, and the lessor provides that the changes must be made under the direction and supervision 'of an architect, appointed and named by the lessor himself, in the clause making the grant.
Thereafter the changes were made, the second floor fitted up for a clothing store, the third floor for the lodge assembly room and the elevator arranged to be used to carry passengers to this assembly room or meeting place.
On the trial plaintiff offered testimony that the plans for the changes were submitted to and approved by Wachter; that Wachter was in and about the building during the progress of the work and saw and approved of what was being done, and made suggestions as to the changes; that he was informed of the purpose to use the *353 third floor as a lodge room, and to use the elevator in connection with the lodge room; that the elevator opened into the anteroom of the lodge room; that Close himself visited the building and inspected it after the changes and rode on the elevator several times; that Close was informed that the rooms were to be changed into one assembly room for a lodge room and that the elevator was to be used to carry as passengers, persons going to and from this meeting place; and that Close stated he had no objection except that he wanted all to be done under Wachter’s direction and that Wachter was his representative.
Plaintiff further offered testimony tending to show that the wood foundation for the elevator was rotten; that the entire elevator structure was decayed and wholly unfit for use and was extremely dangerous; that Close had owned the building for about twenty (20) years and had never repaired the elevator nor inspected it.
The trial court refused to admit the testimony thus tendered, and directed a verdict for defendant at the close of plaintiff’s evidence.
We think the court erred in these holdings. The testimony was competent as showing Close’s control. It does not vary the writing. It explains it and shows what was done under it.
The effect of the grant of permission to make the changes under the direction and supervision of the architect of Close was to leave him in partial control of the premises. No change could be made by the lessee except under such direction and supervision. So that it presents an entirely different case from one where a landlord has de *354 mised the entire premises with full control to his tenant for the term of the lease.
In this case whatever obligation or liability for injury to persons rightfully on the premises is imposed by law on the tenant, rests equally on the landlord, so far as it results from any change made under the conditional grant of permission by Close.
The changes made pursuant to this permission were stated by the witness Ditlor as follows: “The third floor was fitted up for a lodge room and the second floor for a clothing store, the elevator was fitted up for passengers and furnaces were put in to heat the building.”
Section 4238-1, Revised Statutes of Ohio, provides : “It shall be unlawful for any person, society, firm, agent, representative of any private or corporate authority or society, or any committee, commission, or board acting under any authority whatsoever, to erect or cause to be erected, or for any architect, engineer, builder or other person to furnish any plan, description or specification for the purpose of erecting in the state of Ohio any structure, room or place where persons are invited, expected or permitted to assemble; or for the purpose of entertainment, judgment, amusement, instruction, betterment, treatment, or care, or to make any addition to or alteration therein, which shall in construction, arrangement, or means of egress be dangerous to the health or lives of persons so assembled.”
It is clear that the statute applies to this cause. Here there was an alteration of the premises participated in by Close, and under the direction and *355 supervision of his. appointed agent, for the purpose of creating the “room” or “place” where persons were invited, expected and permitted to assemble for the purposes stated in the act. And the arrangement and means of egress provided was dangerous to the health and lives of persons so assembled.'
The testimony tendered shóws that the elevator opened into the anteroom of the lodge; that it was intended to be the means of egress generally used by the members; and that this elevator was wholly unfit and unsafe.
Counsel for defendant, Close, contends that there was no testimony introduced or offered tending to show that Close had anything to do with the fitting up of the elevator as á passenger elevator. That may be true. But that is where his fault lies. He knew that the re-arrangement of the building and the preparing of the lodge room required and contemplated the use of the elevator for .passengers. And having reserved to himself and his agent the direction and supervision of the changes referred to and having exercised that right, he was bound to see that safe means of egress were provided for the-new use which was to result from the change. That is the express object and requirement of this statute.
The fact that Close had been for many years the owner of the building and that he never had the elevator inspected, accentuated his duty to see that it was made safe when it was being altered so as to carry passengers to a place such. as described.
*356 For the errors referred to the judgments of the courts below will be reversed and cause remanded for further proceedings according to law.

Judgments reversed.

Spear, C. Price and Donahue, JJ., concur.